# HILLSBOROUGH,

## JULY TERM, A. D. 1849.

### CONCORD RAILROAD *v.* GREELY.

Under the statute of January 13, 1837, "providing for the assessment of damages for land taken for railroad corporations," an application for a jury is seasonable if made at the term next after the acceptance of the report of the committee.

PETITION, entered by the Concord Railroad, at the Court of Common Pleas, holden at Amherst, in August, 1841, setting forth that they had located their road through certain land belonging to said Greely, and being unable to agree with him as to the value of said land, prayed that a committee might be appointed by the court to appraise the damage to said land. Whereupon a committee was duly appointed by the court, and an appraisal made by said committee, and a report thereof returned at the Court of Common Pleas, February term, 1842, at which term various exceptions were filed by the petitionee to the acceptance of said report, and the consideration of said exceptions were continued from term to term of said court, till the April term, 1844, when the petition, report, and exceptions were transferred to the Superior Court for their decision thereon; and at the December term, 1845, of said court, said exceptions were overruled, and the case was remanded to the Court of Common Pleas, at the January term of said court, 1846, at which term said action

stood continued to the April term following, when a peti-
tion was filed by said Greely in writing for a trial by jury.
The case was then continued from term to term till the
·April term, 1848, when the said Railroad moved the court
that said petition of said Greely for a trial by jury be dis-
missed, as not having been made within the time specified
by statute, and that the report be accepted for the damages
awarded. And the consideration of said motion for the
dismissal of said petition having been continued till the
April term of the court, it was ordered that the questions
arising upon the motion be reserved and assigned to the
Superior Court for their determination.

*Farley,* for the Railroad.

*Atherton,* for Greely.

Gilchrist, C. J.  The statute of January 13, 1837,
" providing for the assessment of damages for land taken
for railroad corporations," empowered the Court of Com-
mon Pleas, upon the application either of the railroad cor-
poration or the land-holder, to appoint a committee to
assess such damages, and to report their doings at the
term of the court next ensuing, " which report, if accepted
by said court, with the express consent of all the parties
in interest, shall be final."

The statute further provided that " either party who
may be aggrieved, or in any way dissatisfied with the esti-
mate made by the committee, as aforesaid, may have a
jury to determine the matter of his complaint, on applica-
tion therefor, by petition in writing."  " Such application
for a jury may be made at the same term of said court at
which the said report of the said road committee shall
have been returned and acted upon, or at the next regular
term of said court thereafter; and no such application
shall afterwards be received by said court."

The question raised by this case is, whether or not the

petition of Greely for a jury was presented to the Court of Common Pleas " at the term of the court at which the report of the committee was returned and acted upon, or at the term next succeeding."

In one sense, the report of the committee was returned at the February term, in 1842, but exceptions were taken which rendered it doubtful whether it was a report upon which the court could act, and which in fact postponed any action which the court could take upon it, as a legal report, till the exceptions were disposed of in the Superior Court, and the case returned to the Court of Common Pleas, at the January term, 1846.

It was then that the written act of the committee was first ascertained to be a legal report, and was received and acted upon as such by the Court of Common Pleas. The report was then accepted, not in the sense in which that word is used in the statute which provides that the report shall be final when accepted by the court, with the express consent of all the parties in interest, but in the ordinary sense of the word, which signifies the judgment or order of the court that the committee have legally executed their commission, and that the proceedings, of which their doings formed a part, are fully past that stage.

This, in our construction of the statute, was the earliest point of time at which the petitioner could have found himself " aggrieved or in any wise dissatisfied with the estimate made by the committee," because it was the earliest at which that estimate was ascertained. Till then, the exceptions to the report were pending, which might have resulted in a recommitment, and an entirely different and more satisfactory estimate.

We think that it was not the meaning of the statute that the party should be required to claim his jury before he could possibly know whether the final report of the committee would be satisfactory or not. And such knowledge would be impossible, so long as the exceptions were pending.

We are, therefore, of the opinion that the application for a jury was seasonably made, having been made at the term next succeeding that at which the report was accepted, and that it ought not to be dismissed.

*Motion denied.*